**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re PATRICIA ANN MAYBERRY and JOHN KIPLIN MAYBERRY, <br><br> Debtors, | ) Case No. 05-64372-7 <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM**
**and ORDER**

This matter comes before the court on an objection by the chapter 7 trustee to the claim of exemption of Patricia Ann Mayberry and John Kiplin Mayberry ("the Debtors") of a 1998 Jeep Cherokee ("the Vehicle") as a tool of the trade. This court has jurisdiction over this matter. 28 U.S.C. §§ 1334(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(B). Accordingly, this court may render a final order.

On October 13, 2005, the Debtors filed an individual chapter 7 petition. The Debtors scheduled the Vehicle as property of the estate at a value of $5,000.00.[1] They claimed the Vehicle exempt in the amount of $5,000.00 under Va. Code § 34-26(7). The Vehicle is titled in

---

[1] See Debtor's Schedule A.

1

the name of Mrs. Mayberry. She is employed as a manager by Check Into Cash, a company that accepts checks that have been post-dated to the date that the client will receive a pay check.

The Debtors claim the Vehicle exempt under VA Code § 34-26(7) which provides:

> In addition to the exemptions provided in Chapter 2 (§ 34-4 et seq.) of this title, every householder shall be entitled to hold exempt from creditor process the following enumerated items:
> . . .
> 7. Tools, books, instruments, implements, equipment, and machines, including motor vehicles, vessels, and aircraft, which are necessary for use in the course of the householder's occupation or trade not exceeding $10,000 in value, except that a perfected security interest on such personal property shall have priority over the claim of exemption under this section. A motor vehicle, vessel or aircraft used to commute to and from a place of occupation or trade and not otherwise necessary for use in the course of such occupation or trade shall not be exempt under this subdivision. "Occupation," as used in this subdivision, includes enrollment in any public or private elementary, secondary, or career and technical education school or institution of higher education.

Whether a vehicle is a tool of the trade under Section 34-26(7) is a fact-dependent inquiry. In re Weinstein, 192 B.R. 133 (Bankr. E.D.Va. 1995). The party objecting to a claim of exemption has the burden proving the exemptions are not properly claimed. Fed. R. Bankr. P. 4003(c).

One Virginia Bankruptcy Court has listed a number of considerations that may guide the inquiry. See In re Lyall, 193 B.R. 767, 768-769 (Bankr. E.D.Va. 1996)[2]. Two of the considerations, whether the Vehicle was claimed exempt under Section 34-26(7) and whether the value of the Vehicle does not exceed $10,000.00 are clearly met in this case.

---

[2] "In analyzing the necessity standard the Court feels that the following inquiries must be answered:
1. Whether the vehicle is needed to further the debtor's employment; is it vital to the performance of the debtor's duties in his occupation?
2. Whether the automobile is a necessity because there is no alternative available to the debtor in the effective pursuit of his employment?
3. Whether the automobile's use in the debtor's occupation is the standard requirement in the professional and geographical area for non-debtors similarly employed?
4. Whether the debtor's car is used *primarily* for the purpose of commuting to and from his place of employment?
5. Did the debtor exempt the vehicle under § 34-26(7) for his own use?
6. Whether the fair market value of the vehicle is no more than $10,000?"

2

Next we consider whether the Vehicle is vital to the performance of the Debtor's duties in her position as a manager of Check Into Cash. Clearly it is. The Debtor goes to the bank, which is about two miles from the business location, several times a day to withdraw funds and deposit funds. She also runs postal errands and occasionally visits clients in their homes to make collections or inquire about an account.

The Debtor's employer believes that these functions are necessary to the operation of the business, a conclusion that is evidenced by the fact that the employer reimburses the Debtor for the use of the Vehicle by paying her a mileage fee in addition to her salary. Significant weight must be given to the fact that the Debtor's employer, a neutral third party motivated by profit, believes that it is important to compensate the Debtor for running the errands.

Nor is there an alternative vehicle available to the debtor to run the errands. Her employer does not provide a vehicle, and there are times when she is the only employee at the location.

No evidence was presented regarding whether a vehicle is a standard requirement in the Debtor's occupation. Finally, no evidence was presented whether the Vehicle is used by the Debtor *primarily* for the purpose of commuting to and from her place of employment.

The Debtor's vehicle is necessary to the performance of her duties as a manager of Check Into Cash. The Vehicle is a tool of the trade within the meaning of Va. Code § 34-26(7). The objection will be overruled.

### **ORDER**

The objection of the chapter 7 trustee to the Debtors' claim of exemption of a 1998 Jeep Cherokee as a tool of the trade is overruled.

So ORDERED.

Upon entry of this memorandum and order the Clerk shall forward copies to the chapter 7 trustee and the debtors.

Entered on this  24th   day of February, 2006.

_____
William E. Anderson
United States Bankruptcy Judge